## Bain v. Ben's Creek Coal & Coke Company.

*Corporations—Receiver's bond—Premium on bond—Trustee of mortgage.*

An application by a surety company, which had become surety on the bond of a receiver of an insolvent corporation, to compel the trustee of a mortgage of the corporation, to pay the premiums due on the bond, will be dismissed where there is nothing to show that at the time the application was made, the trustee had any funds in its hands, and it appears from the trust company's answer and the record of the case that the company had, under a former order of the court, which had been unappealed from, paid all the funds in hand in settlement of royalties and wages justly due, in order to secure a discontinuance of certain actions in ejectment and the assignment of certain coal leases.

Appeal, No. 103, Oct. T., 1914, by the Title Guaranty & Surety Co., from order of C. P. Blair Co., In Equity

No. 653, discharging rule to pay certain premiums on receiver's bond in case of Joseph W. Bain v. Ben's Creek Coal & Coke Company, et al.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Rule on Altoona Trust Company to show cause why it should not pay certain premiums due to the Title Guaranty & Surety Company, on the bond of William D. Laughman, receiver of the Ben's Creek Coal & Coke Company.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging the rule.

*John M. Snyder*, for appellant.

*W. I. Woodcock*, with him *J. Banks Kurtz*, for appellee.

OPINION BY TREXLER, J., March 11, 1915:

The matter came before the court upon petition and answer.   The petition of the appellant represented that a receiver had been appointed for the Ben's Creek Coal & Coke Co.; that the receiver had procured fidelity bonds from the petitioner the Title Guaranty and Surety Co., and that the premiums upon said bonds had not been paid.   The answer of the Altoona Trust Co., as trustee of the funds arising out of the receivership, asserts that there are no funds in hand out of which the premiums should be paid and states that it had in hand the sum of $5,125.75 at the time the account was filed, but since that time the funds have been exhausted by payments made under an order of court.

If we look at the record we find that the court by decree entered December 10, 1910, directed the trust company to make a just and equitable settlement of the royalties and wages justly due in order to secure a discontinuance of certain actions in ejectment and the assignment of certain coal leases.

The payments made, it is claimed, were in excess of the amount in the hands of the trustee. If the payments were made for the subjects indicated, for amounts justly due, we think the decree of the court is conclusive. If it is claimed that the trustee has moneys in hand unexpended, or the sums expended were not in accordance to the decree of the court, that is another matter. The petition before us has but a single prayer and that is the court shall direct the trustee to pay these premiums. There is no prayer for an accounting. We cannot see how the appellant can in this proceeding get behind the decree of the court. That decree is not appealed from. This appeal is raised upon the action of the court in dismissing the rule entered upon the trustee to show cause why the premiums should not be paid. As long as there was nothing before the court showing that there were funds in the hands of the trustee which were available for the payment of these premiums we cannot see how the court could have very well done otherwise than dismiss the petition.

The appeal is dismissed at the cost of appellant.